JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANTIBODIES LABORATORY, INC., a California corporation,<br><br>    Plaintiff and Counterdefendant<br><br>vs.<br><br>IMMUTOPICS, INC., a California corporation, and IMMUTOPICS INTERNATIONAL, LLC, a California limited liability company,<br><br>    Defendant and Counterclaimant | Case No. CV04-8871 MRP (MANx)<br><br>**FINAL JUDGMENT OF NON-INFRINGEMENT OF THE '566 PATENT IN VIEW OF THE COURT'S SECOND AMENDED CLAIM CONSTRUCTION ORDER** |

The motion of Defendants and Counterclaimants Immutopics, Inc. and Immutopics International, LLC (collectively "Immutopics") for summary judgment of non-infringement of United States Patent No. 6,689,566 (the "'566 Patent"), as

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

reexamined[1] by the United States Patent and Trademark Office came on regularly for hearing on April 20, 2009, in the United States District Court for the Central District of California, the Honorable Mariana R. Pfaelzer, United States District Court Judge, presiding.  Matthew A. Newboles and Benjamin N. Diederich of Stetina Brunda Garred & Brucker and Gary A. Pemberton of Shulman Hodges & Bastian LLP appeared on behalf of Immutopics.  Rod S. Berman and Brian W. Kasell of Jeffer, Mangels, Butler & Marmaro LLP appeared on behalf of Plaintiff and Counterdefendant Scantibodies Laboratory, Inc. ("Scantibodies").

The Court, having fully considered the parties' pleadings and the evidence therein, and having entertained oral argument, has issued its Order granting Immutopics' Motion for Summary Judgment of Non-Infringement on April 23, 2009 ("Order").  The Order provides that, in light of the Court's claim construction, the asserted claims of the reexamined '566 Patent[2] are not directly infringed by Immutopics, either literally or under the doctrine of equivalents.  Furthermore, because inducing patent infringement requires a predicate finding of direct infringement, <u>Dynacore Holdings Corp. v. U.S. Philips Corp.</u>, 363 F.3d 1263, 1272 (Fed. Cir. 2004), the Court's Order finding no direct

---

[1] The U.S. Patent and Trademark Office ("PTO") has issued a Notice of Intent to Issue a Reexamination Certificate (Control No. 90/007,685) with respect to the '566 Patent.  However, the Reexamination Certificate has not yet been issued by the PTO.  The fact that the Reexamination Certificate has not yet issued is not an impediment to the Court's entry of a Final Judgment in this proceeding.

[2] During the reexamination proceeding asserted Claims 1 and 22 were amended, Claims 3, 5, 7-9, 11, and 33 were unmodified, and Claims 38-40, 48, 53, and 57 were added.  Additionally, certain claims were cancelled during the reexamination proceeding.  This results in a numbering discrepancy between the claims designated by Scantibodies (as anticipated by the pending Reexamination Certificate) and those currently of record in the United Stated Patent and Trademark Office.  Because a Reexamination Certificate has not yet issued renumbering the claims, the Court uses the claim numbers as they currently stand, i.e., Claims 1, 3, 5, 7-9, 11, 22, 33, 38-40, 48, 53, and 57 as numbered in the final amendment to the claims in the reexamination proceeding as submitted by Scantibodies on November 28, 2006.  When the reexamination certificate issues, it is anticipated that claims 38-40, 48, 53 and 57 will be re-numbered as 37-39, 45, 50 and 54.

infringement under 35 U.S.C. § 271(a) in light of the current claim construction, also means that there is no inducement of patent infringement under 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

Having disposed of all of the claims in Plaintiff's Complaint, this Court hereby dismisses, without prejudice, Defendants' counterclaims in this case as moot. It is noted that Defendants' counterclaims may be reinstated in the event the Federal Circuit Court of Appeals reverses or remands this case back to this Court, without consideration of statute of limitations or laches affirmative defenses. It is further noted that in the event the Federal Circuit Court of Appeals reverses the finding of non-infringement or remands this case to this Court for further litigation on the issue of infringement, Plaintiff's claim of inducement of patent infringement may be reinstated without consideration of the statute of limitations or laches affirmative defenses.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment shall be entered in Immutopics' favor as the prevailing party and Scantibodies shall recover nothing on their complaint as outlined in the Court's April 23, 2009 Order Granting Summary Judgment:

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, as the prevailing party, Immutopics is awarded its costs herein in an amount to be determined in accordance with the procedures required by Central District Local Rule 54.

Dated: July 09, 2009

_____
Mariana R. Pfaelzer
United States District Court Judge